GARRISON, Judge.
The defendant, Earl Lowe, was charged by bill of information with the attempt to commit simple burglary of an inhabited dwelling, a violation of LSA-R.S. 14:27 and 14:62.2. After a jury found the defendant guilty as charged, the trial judge sentenced him to five years at hard labor, with the first six months to be served without benefit of parole, probation or suspension of sentence. Defendant appeals his conviction and sentence.
On August 6,1986, at approximately 5:30 a.m., Officers Guy Naquin and Garold Fa-yard of the New Orleans Police Department responded to a suspicious person complaint at 7721 North Coronet Street in New Orleans. The resident of that address, Carolyn Marrero, had been awakened by her doorbell at approximately 5:15 a.m. and had not recognized the man who she viewed through the peephole on her door. When she did not answer the door, the man started pushing on the door and shaking the doorknob. At that point, Marrero called the police. Shortly before the police arrived, the man drove off after apparently being frightened by another car pulling into a nearby driveway. When the police arrived, they searched the area but found no one. Shortly after the police left, Marrero saw the same man drive into a neighbor’s driveway. She called the police again and upon their arrival, she ran outside and pointed to the man screaming “That’s him!”. The man then jumped into his car and sped off. Although the police had not yet interviewed Marrero regarding the circumstances leading to her complaint, they pursued the man in a high speed chase which ended when the man’s car crashed into a parked vehicle. The man, the defendant in this case, was apprehended as he tried to flee on foot. Marrero was brought to the scene of the car crash and identified the defendant as the man who had tried to force his way into her home. She also identified the defendant at trial.
On appeal, the defendant argues that the evidence presented at trial was insufficient to justify a conviction for attempted burglary of an inhabited dwelling. Specifically, he claims that the State failed to prove an attempt to enter without authorization and an intent to commit a felony or theft therein.
LSA-R.S. 14:62.2 states as follows:
“Simple burglary of an inhabited home is the unauthorized entry of an inhabited dwelling, house, apartment or other structure used in whole or in part as a home or place of abode by a person or persons with the intent to commit a felony or any theft therein, other than as set forth in Article 60.
“Whoever commits the crime of simple burglary of an inhabited dwelling shall be imprisoned at hard labor for not less than one year, without benefit of parole, probation or suspension of sentence, nor more than twelve years.”
The attempt statute, LSA-R.S. 14:27, states, in pertinent part:
“A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
“B. Mere preparation to commit a crime shall not be sufficient to constitute an attempt; but lying in wait with a dangerous weapon with the intent to commit a crime, or searching for the intended victim with a dangerous weapon with the intent to commit a crime, shall be sufficient to constitute an attempt to commit the offense intended.
“C. An attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt.
“D. Whoever attempts to commit any crime shall be punished as follows: ... ******
*456 “(3) In all other cases he shall be fined or imprisoned or both, in the same manner as for the offense attempted; such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both.”
This Court must determine whether a rational juror, when viewing the evidence in the light most favorable to the prosecution, could have concluded beyond a reasonable doubt that the evidence was sufficient to support the conviction. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed. 2d 560 (1979). In this case, the circumstantial evidence sufficiently supports a finding that the defendant did not have authorization to attempt to enter the victim’s residence. Although Marrero did not specifically state that the defendant was not authorized to enter her home, the circumstances of the attempted entry, i.e. the means of attempted entry (force), the defendant's flight upon discovery, and Marre-ro’s testimony that she did not recognize the defendant, establish beyond a reasonable doubt that the defendant’s attempted entry was unauthorized.
The State also had the burden of proving that the defendant had the intent to commit a felony or theft after attempting to gain entry to the victim's residence. A review of the record indicates that the State failed to present any evidence to support such a finding. Therefore, the evidence presented at trial was insufficient to support defendant’s conviction for attempted simple burglary of an inhabited dwelling. '
However, the crime of unauthorized entry of a inhabited dwelling, LSA-R.S. 14:62.3, is included as a responsive verdict for a bill of information charging simple burglary of an inhabited dwelling. LSA-C. Cr.P. art. 814. Therefore, it follows that the crime of attempted unauthorized entry of an inhabited dwelling is a responsive verdict for a bill of information charging attempted simple burglary of an inhabited dwelling.
LSA-R.S. 14:62.3 states as follows:
“A. Unauthorized entry of an inhabited dwelling is the intentional entry by a person without authorization into any inhabited dwelling or other structure belonging to another and used in whole or in part as a home or place of abode by a person.
“B. Whoever commits the crime of unauthorized entry of an inhabited dwelling shall be fined not more than one thousand dollars or imprisoned with or without hard labor for not more than six years, or both.”
Therefore, because it was established at trial that defendant’s attempt to enter the victim’s residence was unauthorized, the elements of 14:62.3 were proven in this case.
Accordingly, defendant’s conviction and sentence on the charge of attempted simple burglary of an inhabited dwelling are hereby reversed. Pursuant to LSA-C.Cr.P. art. 821(E), this Court now renders a judgment of conviction on the lesser included responsive offense of attempted unauthorized entry of an inhabited dwelling. This case is remanded to the trial court for resentenc-ing.
CONVICTION REVERSED; NEW CONVICTION RENDERED; REMANDED FOR RESENTENCING.